**Dean Michael HOLT, Plaintiff–Appellant,**

v.

**UNITED AIRLINES, INC., a foreign corporation, Defendant–Appellee.**

No. 99–35761.

D.C. No. CV–98–00781–Z.

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 2001.*

Decided May 4, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

Dean Michael Holt, a commercial pilot, appeals the district court's summary judgment in favor of defendant United Airlines, Inc. (United). In his diversity action, Holt alleged that, under Washington law, he was wrongfully terminated by United. On appeal, Holt argues that there is a genuine issue of material fact as to whether United breached a 1995 settlement and rehire agreement (Agreement) between Holt and United. The Agreement provided that United would re-hire Holt in exchange for Holt's relinquishment of claims arising from his separation from United several years before. Holt also contends that, because he gave "additional consideration," the district court erred in holding that he was an at-will employee and could be terminated without cause. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1994), and we affirm.

When an employment contract provides for at-will employment, the employer may terminate the employee without breaching the contract. *St. Yves v. Mid State Bank*, 111 Wash.2d 374, 757 P.2d 1384 (Wash.1988), *overruled on other grounds by Berg v. Hudesman*, 115 Wash.2d 657, 801 P.2d 222 (Wash.1990). The Agreement explicitly provided that

Holt was a "new hire" and considered a "newly employed pilot for all purposes." It also stated that Holt was subject to the "normal probationary year." We conclude that, because Holt was a probationary employee at the time he was terminated, he was an at-will employee and could be terminated without cause.

Holt's contention that the Agreement provides for continued employment fails. A contract for "permanent" or "steady" employment is terminable only for just cause if the employee gives sufficient consideration in addition to contemplated services. *Roberts v. Atlantic Ritchfield Co.*, 88 Wash.2d 887, 568 P.2d 764, 768–69 (Wash.1977). Although Holt may have provided consideration in addition to his contemplated services as a pilot, that did not convert the Agreement's explicit "new hire" and "probationary year" provisions into permanent employment. Indeed, the Agreement expressly negated "permanent" employment because it required Holt to serve the normal probationary year, during which time he was terminable at will. The additional consideration exception does not apply in this case.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.